UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALE RICHARD PATE,

    Petitioner,

-vs-                                            Case No.  8:11-CV-2867-T-30MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Before the Court are Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 ("petition") (Dkt. 1), motion to proceed in this action *in forma pauperis* (Dkt. 2), and Motion to Stay and Abey 2254 Petition (Dkt. 3).

**I.    Petition**

Petitioner did not use a copy of the court-approved form for petitions filed pursuant to 28 U.S.C. § 2254. Use of a prescribed form benefits both the Court and the Petitioner in terms of accuracy, time-savings, and administrative convenience.  As the commentary to the rules governing § 2254 cases explains, courts that have a large volume of habeas actions save valuable time if they are not required to decipher lengthy and often illegible and/or incomplete petitions. Rule 2 advisory committee's note, Rules Governing Section 2254 Cases.

Use of the form also benefits petitioners because it assists them in presenting their claims in an organized manner and avoiding the omission of information which is necessary for the Court to reach a just resolution of the issues they raise therein. This savings is lost when, as here, the Petitioner fails to use the form.

Therefore, in light of the administrative benefits to the Court and Petitioner derived from its use, Petitioner will be required to submit an amended § 2254 petition on the enclosed court-approved form. Petitioner must set forth with specificity each of his claims for relief and a brief statement of the facts which support the claim. Mere references to claims raised in documents filed in state court proceedings will not suffice.

II.     **Motion to Stay and Abey 2254 Petition**

Petitioner moves the Court to hold his habeas petition in abeyance until the conclusion of his state habeas proceedings currently pending in the Florida Second District Court of Appeal. He also requests leave to "submit an addendum to his 2254 petition. . ." to add additional claims "not already in his petition. . . ." (Dkt. 3 at 5).

"[A] district court should grant a stay [of a § 2254 petition] only where 'the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.'" *Heleva v. Brooks*, 581 F.3d 187, 190 (3d Cir.2009) (quoting *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). Petitioner has not alleged that he meets any of the three prongs of the *Rhines* test. Nor has he shown that he has unexhausted claims that are potentially

meritorious. Thus, Petitioner has not met his burden to demonstrate that holding this proceeding in abeyance is warranted. A stay would merely prolong federal habeas review to no avail, in contravention of the Antiterrorism and Effective Death Penalty Act of 1996's goal of "finality and speedy resolution of federal petitions." *Rhines*, 544 U.S. at 278.

Finally, to the extent Petitioner moves the Court to file an addendum to his petition which raises additional grounds for relief, the motion will be denied without prejudice to Petitioner raising all of his claims in his amended petition.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Motion to Stay and Abey 2254 Petition (Dkt. 3) is **DENIED** without prejudice.

2. Petitioner's motion to proceed in this action *in forma pauperis* (Dkt. 2) is **GRANTED**.

3. Petitioner shall, on or before **February 4, 2012**, file an amended petition for writ of habeas corpus that complies with the instructions on the form and sets out each claim for relief with specificity, including a brief statement of the facts supporting each claim.

4. The **Clerk** shall enclose **two copies** of the court-approved form used to initiate a § 2254 case with Petitioner's copy of this order.

5.   Failure to comply with this Order within the allotted time **shall result in the dismissal of this action without further notice.**[1]

**DONE** and **ORDERED** in Tampa, Florida on January 5, 2012.

*JAMES S. MOODY, JR.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*

---

[1] Petitioner should note that if he fails to respond to this Order and this case is dismissed, any subsequently-filed habeas petition in this Court challenging the same conviction may be barred by the one-year limitation period for filing a habeas petition in the federal courts. *See* 28 U.S.C. § 2244(d)(1). Although the one-year period of limitation is tolled during the time in which a properly filed application for state post-conviction relief is pending, *see Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000) (defining when an application is "properly filed" under 28 U.S.C. § 2244(d)(2)), the time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Duncan v. Walker*, 533 U.S. 167, 172 (2001) (holding that an application for federal habeas corpus review does not toll the one-year limitation period under § 2244(d)(2)).