## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DALE RICHARD PATE,

       Petitioner,

-vs-                                 Case No.  8:11-CV-2867-T-30MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

       Respondent.

_____/

## ORDER

Before the Court is Petitioner's "Motion for Leave to File Belated Motion to Alter or Amend Judgement; or in the Alternative Motion for Relief from Judgement or Order" ("motion") (Dkt. 45) in which Petitioner requests an extension of time to file a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), or, in the alternative, the Court treat his motion as a motion for relief from a judgment or order pursuant to Fed. R. Civ. P. 60(b)(2). This Court does not have authority to extend the time for filing a Rule 59(e) motion.  See Fed. R. Civ. P. 6; *Pinion v. Dow Chemical, U.S.A.*, 928 F.2d 1522, 1525 (11th Cir. 1991) (Fed. R. Civ. P. 6(b) "unequivocally states" that a district court may not extend time for taking any action under Rule 59(e) accept as the rule allows); *Hertz Corp. v. Alamo Rent-A-Car*, 16 F.3d 1126, 1133 (11th Cir. 1994) ("Rule 6(b) forbids a court to enlarge the time within which a Rule 59(e) motion may be served.").  Nevertheless, judgment in this case

was entered on October 9, 2012 (see Dkt. 44), and Petitioner asserts that on October 25, 2012, he handed over a Rule 59(e) motion to prison officials for mailing, but this Court never received that motion.   Therefore, pursuant to the mail-box rule,[1] the Court finds that Petitioner timely filed his Rule 59(e) motion on October 25, 2012.[2] *See Gracey v. United States*, 131 Fed. Appx. 180, 181 (11th Cir. 2005) (unpublished) ("[T]he mailbox rule applies even when the motion 'is never received or filed by the court.'") (quoting *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001)).

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).   In support of his motion, Petitioner asserts that he has newly discovered evidence in support of Grounds One and Six of his federal habeas petition.   Specifically, Petitioner asserts that in August or September 2012, he wrote to retired state court Judge Crockett Farnell, who subsequently indicated that he did not grant Petitioner's motion to withdraw counsel and proceed *pro se* on October 10, 2006. Petitioner argues that this "newly discovered evidence" refutes this Court's finding that Petitioner's motion to withdraw counsel was granted on October 10, 2006.

---

[1] A *pro se* inmate's pleading or motion is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

[2] Rule 59(e) states "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

Petitioner's argument does not warrant relief.  First, the record clearly supports this Court's finding that the state court judge granted Petitioner's motion to withdraw counsel during the hearing on October 10, 2006 (Respondent's Ex. 35 (Supp.), at p. 526).   Second, a Rule 59(e) motion can be granted on the basis of newly discovered evidence only where "the evidence [is] newly discovered since the trial. . ."  *Cf. Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000) (citation omitted).   According to Petitioner's motion, he "discovered" Judge Farnell's alleged comments in August or September 2012, prior to October 9, 2012, the date on which judgment was entered in this action.  *See GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (finding evidence is not newly discovered, for purposes of a Rule 59(e) motion, if it was available prior to district court's ruling); *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010) ("A Rule 59(e) motion cannot be used to . . . present evidence that could have been raised prior to the entry of judgment.").   Third and finally, even if Judge Farnell's alleged statement or "indication" that he did not grant Petitioner's motion to withdraw counsel on October 10, 2006, constitutes newly discovered evidence, it is inadmissible hearsay and therefore cannot affect the outcome of this case.  See Fed. R. Evid. 802.

**ACCORDINGLY**, the Court **ORDERS** that:

1.    Petitioner's "Motion for Leave to File Belated Motion to Alter or Amend Judgement; or in the Alternative Motion for Relief from Judgement or Order" (Dkt. 45) is **DENIED**.

2.     To the extent that Petitioner may seek a certificate of appealability to appeal this ruling, and to proceed on appeal *in forma pauperis*, that request is likewise **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on December 19, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro Se* Petitioner
Counsel of Record

4